UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY GREENLEE, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, Superintendent, )<br>)<br>Respondent. ) | No. 1:07-cv-1275-RLY-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Timothy Greenlee ("Greenlee") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Greenlee is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 06-11-0371, wherein he was found guilty of having violated prison rules of conduct by attempting to commit any Class A offense, engaging in trafficking.

2. Acting on a tip to Internal Affairs at the Pendleton Correctional Facility, a search of bicycles and wheelchairs being brought into the prison revealed the presence of large quantities of tobacco, marijuana, cell phones, chargers, lighters, and rolling papers. A conduct report was issued on November 20, 2006, reciting that Greenlee was involved in the plan to have this contraband brought into the facility and distributed. He was therefore charged in that conduct report with engaging in trafficking.

3. After being supplied with a copy of the written charge and notified of his procedural rights, Greenlee was found guilty as charged at a hearing conducted on December 6, 2006. His administrative appeals were rejected.

4. Contending that the proceeding described above is tainted by constitutional error, Greenlee seeks a writ of habeas corpus. His specific contentions are that the conduct board lacked sufficient evidence to support a finding of guilt and that the conduct board failed to provide an appropriate written statement of the reasons for its decision and the evidence on which it relied.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Greenlee was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Greenlee received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Greenlee was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Greenlee's claims otherwise are unavailing here.

- Greelee contends that there is "no evidence" in the record to support the conduct board's decision. He is mistaken. The conduct report itself constitutes some evidence, and in this case constitutes constitutionally sufficient evidence. The conduct report does this by showing that the contraband was found and that Greenlee was implicated in the plan to have it "brought into the facility and distributed." The conduct report also refers to additional information contained in a confidential case file, that being No. 06-11-082. The confidential file does indeed contain documents describing the involvement of Greenlee, who worked in the shop at the facility that refurbishes wheelchairs. Although Greenlee argues that the confidential file was not examined by the conduct board, there is no prohibition in these circumstances from a conduct board relying on hearsay, *Wolff,* 418 U.S. at 567-68, and it was reviewed by the Facility Head in responding to the first level of Greenlee's administrative appeal. This is sufficient to satisfy the "some evidence" standard of *Hill.*

- Greenlee's second claim is that the conduct board failed to provide an appropriate written statement of the reasons for its decision and the evidence on which it relied. Written statements ensure both administrative accountability and meaningful review. *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir. 1981). The

respondent is correct that this claim was not included in Greenlee's administrative appeal. Greenlee replies by pointing out that he challenged the decision to credit certain evidence over his denial of involvement, but a challenge to the credibility determination of the conduct board–a determination which was quite obviously made–is a challenge to the sufficiency of the evidence, not to the adequacy of an explanation. This claim, therefore, is procedurally defaulted, though even if the court concluded otherwise it would find that the conduct board's statements of its findings and of the evidence it relied on were adequate. *Culbert v. Young,* 834 F.2d 624, 629 (7th Cir. 1987); *Saenz v. Young,* 811 F.2d 1172, 1173-74 (7th Cir. 1987). The statement need only illuminate the evidentiary basis and reasoning behind the decision. *Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir. 1992).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Greenlee to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/8/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana